UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

AUGUSTO BRANCACCIO

     Plaintiffs,

v.

ZAKHEIM & LAVRAR, P.A.
a Florida for Profit Corporation and
JANE DOE, individually.

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.  Plaintiff s allege violation of the Fair Debt Collection Practices Act, 15

U.S.C. §1692 *et seq*. ("FDCPA") and The Florida Consumer Collection Practices

Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").  Simply put, in an effort to collect a

consumer debt from Plaintiff, AUGUSTO BRANCACCIO, the Defendants

contacted and communicated with Plaintiff, AUGUSTO BRANCACCIO'S

employer in the collection of a debt.  In response to this behavior, Plaintiff files the

instant action seeking statutory damages, actual damages, and recovery of his costs

and attorney's fees.

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

## JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. §§1331, 1337;

15 U.S.C. § 1692 et seq. ("FDCPA").

3.      This action arises out of Defendants' violations of the FDCPA, and

out of the invasions of Plaintiffs' personal and financial privacy by these

Defendants and its agents in its illegal effort to collect a consumer debt from

Plaintiff.

4.      Venue is proper in this District under 28 U.S.C. 1391(b)(2) because a

substantial part of the events giving rise to the claims asserted herein occurred in

this acts and transactions occurred here, Plaintiff resides here, and Defendant

transacts business here.

## PARTIES

5.      Plaintiff, AUGUSTO BRANCACCIO,  is a natural person who

resides in the City of Boca Raton, County of Palm Beach, State of Florida, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.       Defendant, ZAKHEIM & LAVRAR, P.A.(hereinafter "Z&L") is

believed to be a Florida corporation and law office, engaged in the practice of debt

collection with its principal place of business located at.

7.     Defendant, JANE DOE, is a citizen of the State of Florida, employee of Z&L, operating from the offices located at Z&L 1045 South University Drive, Suite 202, Plantation, Florida 33324.

8.     Defendant, Z&L, is vicariously liable for the actions of its employees, including but not limited to its employee debt collectors. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

9.     Defendant, Z&L and Defendant, JANE DOE, regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

10.     Defendant, Z&L and Defendant, JANE DOE, regularly collect or attempts to collect debts for other parties.

11.     Defendant Z&L, is a "debt collector" as defined in the FDCPA.

12.     Defendant, JANE DOE is a "debt collector" as defined in the FDCPA.

13.     Defendant, Z&L and Defendant, JANE DOE, were acting as a debt collectors with respect to the collection of Plaintiff, AUGUSTO BRANCACCIO'S alleged debt.

14.     With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

(a) Abusive practices
There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Inadequacy of laws
Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## **FACTUAL ALLEGATIONS**

15.     Plaintiff, AUGUSTO BRANCACCIO incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

17.     Defendants sought to collect from Plaintiff, AUGUSTO BRANCACCIO an alleged debt arising from transactions incurred for personal, family or household purposes.

### ***Collection Call***

18.     Prior to January 23, 2013, Defendant Z&L's collector, Jane Doe contacted Plaintiff, AUGUSTO BRANCACCIO's, employer Godfrey Electric leaving the Defendants' phone number requesting Plaintiff to return her call.

19.     After the initial correspondence with Plaintiff, Defendants failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

## SUMMARY

20.     All of the above-described collection communications made to Plaintiff by Defendants, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(c)b and 1692g and also the FCCPA including but not limited to 5579.72.

21.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

22.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

## CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT II
### PLAINTIFFS CLAIM FOR THIRD PARTY COMMUNICATION
### IN VIOLATION OF THE FDCPA

26.   Plaintiff  incorporates Paragraphs 1 through 19.

27.   Defendant communicated with a third party, the Plaintiff's employer, Godfrey Electric regarding Plaintiff, AUGUSTO BRANCACCIO'S alleged debt to a third party on multiple occasions and thus violated 15 USC §1692c(b) and caused

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

said Plaintiff, AUGUSTO BRANCACCIO both embarrassment and unnecessary

emotional distress.

**WHEREFORE**, Plaintiff, AUGUSTO BRANCACCIO requests that the

Court enter judgment in favor of Plaintiffs, and against Defendant for:

(a) Damages, both statutory and actual;

(b) Attorney's fees, litigation expenses and costs of the instant suit;

and

(c) Such other or further relief as the Court deems proper.

<h3 style="text-align:center">COUNT III<br>PLAINTIFF AUGUSTO BRANCACCIO'S CLAIM FOR THIRD PARTY<br>DISCLOSURE OF DEBT IN VIOLATION OF THE FDCPA</h3>

28.   Plaintiff AUGUSTO BRANCACCIO incorporates Paragraphs 1

through 19.

29.   Defendants disclosed Plaintiff, AUGUSTO BRANCACCIO'S alleged

debt to his  employer Godfrey Electric, and thus violated 15 U.S.C. § 1692c(b) and

caused said Plaintiff, AUGUSTO BRANCACCIO both embarrassment and

unnecessary emotional distress.

**WHEREFORE**, Plaintiff, AUGUSTO BRANCACCIO requests that the

Court enter judgment in favor of Plaintiff, AUGUSTO BRANCACCIO and against

Defendants for:

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

(a) Damages, both statutory and actual;

(b) Attorney's fees, litigation expenses and costs of the instant suit;

and

(c) Such other or further relief as the Court deems proper.

**COUNT V**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY**
**REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

30.    Plaintiff AUGUSTO BRANCACCIO incorporates Paragraphs 1

through 19.

31.    Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the Fair Debt Collection Practices Act, when it

stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal
> bankruptcies, to marital instability, to the loss of jobs, and to invasions
> of individual privacy.15 U.S.C. § 1692(a) (emphasis added).

32.    Congress further recognized a consumer's right to privacy in financial

data in passing the Gramm Leech Bliley Act, which regulates the privacy of

consumer financial data for a broad range of "financial institutions" including debt

collectors albeit without a private right of action, when it stated as part of its

purposes:

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

**It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.15 U.S.C. § 6801(a) (emphasis added).**

33.     Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

34.     Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to a third party, and thereby invaded Plaintiffs' right to financial privacy.

35.     Defendants disclosed Plaintiff's alleged indebtedness to Gareth Evans, who is Plaintiff's friend. Defendants knew or had reason to know that Gareth Evans did not have a legitimate need for the information.

35.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

36.     The conduct of this Defendants and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

## COUNT V
## VIOLATOIN OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

37.     Plaintiff AUGUSTO BRANCACCIO incorporates Paragraphs 1 through 19.

38.     Defendants violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the deft.

39.     Defendants acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT IV
## VIOLATIONS OF PLAINTIFF, AUGUSTO BRANCACCI'S RIGHTS
## UNDER THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

40.     Plaintiff AUGUSTO BRANCACCIO incorporates Paragraphs 1 through 19.

41.      Pursuant to 28 U.S.C §§ 2201, 2202, and Fla. Stat. § 559.77(2), Plaintiff, AUGUSTO BRANCACCIO seeks a declaration that Defendants' practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(4).

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

42.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

43.    The FCCPA provides for actual damages as well as $1,000.00 dollars in statutory damages. *See* Fla. Stat. § 559.77(2).

44.    The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule. *Florida Department of Corrections v. Abril,* 969 So. 2d 201 (Fla. 2007).

45.    Plaintiff, AUGUSTO BRANCACCIO, seeks a permanent injunction prohibiting Defendants and any other party from either contacting or otherwise collecting the alleged debt from Plaintiff, AUGUSTO BRANCACCIO.

**WHEREFORE,** Plaintiff, AUGUSTO BRANCACCIO, requests that the Court enter judgment in favor of Plaintiff, AUGUSTO BRANCACCIO, and against Defendants for:

(a) $1,000.00 dollars for violations of the FCCPA, including but not limited to Fla. Stat. § 559.72(4);

(b) Actual damages for Plaintiff's emotional distress;

(c) Declaring that Plaintiff does not owe any monies with respect to the alleged debt sought by Defendant;

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

(d) Declaring that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(4);

(e) Permanently enjoining Defendant and any other parties from either contacting or otherwise collecting upon the alleged debt from Plaintiff;

(f) Attorney's fees, litigation expenses and costs of suit;

and

(g) Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant.

Dated:  January 25, 2013                    Respectfully submitted,

/s Robert C. Gindel, Jr. _____
Robert C. Gindel, Jr.
Email: robertgindel@robertgindel.com
Florida Bar No.: 470740
Robert C. Gindel, Jr., P.A.
1500 Gateway Boulevard, Suite 220
Boynton Beach, FL 33426
Telephone: (561) 649-2344
Facsimile: (561) 965-8550
Attorneys for Plaintiff

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550